IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| LAGAYLA R. HARDAWAY § | CASE NO: 06-20691 | |
| Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| AREMACO, INC., *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 06-2084 | |
| § | | |
| LAGAYLA R. HARDAWAY § | | |
| Defendant(s) § | | |

## ORDER DENYING PRELIMINARY INJUNCTION

On this day came on for consideration the request for a preliminary injunction filed by the Defendant, Lagayla R. Hardaway ("Defendant"). The Court, having heard the evidence and arguments of counsel, finds that a preliminary injunction should not be issued.

### BACKGROUND

On October 5, 1994, John and Judy Helm (the "Helms") sold Defendant real property located on Yolanda street in Corpus Christi, Texas (the "Property") for $27,500.00, under a Contract for Deed. Title to the Property was held in the name of "Helm Family Loving Trust d/b/a J&J Properties," not in the Helms' name. The Plaintiff, Aremaco, Inc., is not the owner of the property nor is it a party to the Contract for Deed.

Defendant resided in the Property until sometime in 2002 or 2003, at which time she began to move back and forth from the Property into another home owned by her husband in order to care for her elderly parents. In August, 2006, however, Defendant was in the process of moving into the Property and at that time intended to use the property as her residence.

Defendant defaulted in her payments under the Contract for Deed. The Helms sent demand letters to Defendant on January 10, 2006; March 22, 2006; April 20, 2006; June 8, 2006; and finally on August 10, 2006, the Helms sent notice of intent to cancel the Contract for Deed. Defendant failed to cure her default. On October 17, 2006, the Helms sent notice to Defendant that they were accelerating the note, cancelling the Contract for Deed, and proceeding with a Trustee's sale.

Defendant filed her chapter 13 bankruptcy petition on November 6, 2006. On November 15, 2006, Aremaco, Inc. filed an eviction proceeding in the Justice of the Peace Court, Precinct 1, Place 1, Nueces County Texas (the "Eviction"). On that same date, Defendant was served with an Eviction Citation. Defendants notified the Justice Court of their bankruptcy filing on November 28, 2006. Despite the bankruptcy filing, the Justice Court issued an Order of Eviction on November 28, 2006. Defendants removed the case to this Court on December 11, 2006.

## DISCUSSION

Bankruptcy Court injunctions are ordinarily based on 11 U.S.C. §105(a), which provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed t preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The elements which a movant is required to prove for issuance of a preliminary injunction are (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm if the injunction is not issued, (3) that the threatened harm exceeds any harm flowing from the injunction, and (4) that the injunction would serve the public interest. *Landmark Land Co., Inc. v. Office of Thrift Supervision,* 990 F.2d 807 (5th Cir. 1993); *Tesfamichael v. Gonzales,* 411 F.3d 169 (5th Cir. 2005). Here, the Defendant failed to meet her burden of proof on these elements.

The hearing on Defendant's request for a preliminary injunction focused primarily on her substantial likelihood of success on the merits. Defendant argues that forfeiture of the Contract for Deed did not occur prior to her bankruptcy filing because she was entitled to the statutory notice required by V.T.C.A. Prop. Code §§5.063 and 5.064. The Court finds that Defendant was entitled to the statutory notice because the evidence showed that the Property was used as her personal residence as required in V.T.C.A. Prop. Code §6.062(a). However, the evidence also showed that the Helms provided the notice required in section 5.063, including the 14-point boldface type. Accordingly, the Court finds that it is unlikely Defendant will succeed on the merits of her claim that the Contract for Deed was not forfeited prior to her bankruptcy filing. The Court further finds that it need not reach the other factors for issuance of a preliminary injunction because Defendant's failure to meet her burden of proof on the issue of likelihood of success on the merits is critical to the analysis. The remaining factors do not override the likelihood of success on the merits issue.

The eviction proceeding and the Order for Eviction were obtained after Defendant filed her bankruptcy petition, in violation of the automatic stay. The Helms and the Justice Court had notice of the bankruptcy filing prior to obtaining the Order for Eviction. In the Fifth Circuit, actions taken in violation of the automatic stay are voidable. *In re Jones*, 63 F.3d 411 (5th Cir. 1995). Here, the Court finds that, because notice of the bankruptcy was clearly given, the Eviction Order is void. Moreover, the eviction petition was filed by Aremaco, Inc., who is neither the record owner of the Property, nor a party to the Contract for Deed, and therefore is not a the proper party plaintiff.

No motion for relief from the automatic stay or motion to annul the stay is before the Court at this time. The Court finds that the automatic stay is in effect and the Helms may not proceed

with eviction of Defendant from the Property until they obtain the appropriate relief. Nor is the issue of whether the Helms' violation of the automatic stay was willful before the Court, and the Court makes no findings as to that issue in the context of the preliminary injunction hearing.

## CONCLUSION

For the reasons set forth herein, the Court finds that a preliminary injunction should not issue, but that the automatic stay remains in effect and the Order of Eviction is void.

It is therefore ORDERED that the Defendant's request for a preliminary injunction is hereby DENIED.

SIGNED 03/01/2007.

RICHARD S SCHMIDT
United States Bankruptcy Judge